**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4704**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT J. FLEEK, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:12-cr-00122-1)

Submitted:  May 9, 2014            Decided:  May 16, 2014

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Acting Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Fleek appeals the thirty-month sentence of imprisonment imposed by the district court after he pled guilty to knowingly and intentionally distributing forty-eight hydromorphone pills, in violation of 21 U.S.C. § 841(a)(1) (2012). On appeal, Fleek argues that his sentence is substantively unreasonable because the drug quantity table at U.S. Sentencing Guidelines Manual § 2D1.1(c) (2012), and the method of calculating the drug weight for hydromorphone by the weight of the whole pill and not the active ingredient are arbitrary.[*] We affirm.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. Where, as here, there is no allegation of significant procedural error, we proceed to review the sentence for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id.

---

[*] We do not address Fleek's argument, raised for the first time in his reply brief, that recently proposed Guidelines amendments entitle him to a reduction in his base offense level. See United States v. Brooks, 524 F.3d 549, 556 & n.11 (4th Cir. 2008) (deeming claim raised for first time in reply brief abandoned).

2

If the sentence is within or below the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2012)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Fleek argues that the Guidelines themselves are flawed with respect to opioids such as hydromorphone because they treat pharmacologically indistinct substances differently when translating drug weight and equivalency into a base offense level. In short, Fleek contends that the district court erred by relying on irrational, non-empirically based Guidelines. Fleek invokes the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007), to urge that the district court was required to vary below the Guidelines range in order to reflect the § 3553(a) sentencing factors. However, Kimbrough did not require district courts to consider "the presence or absence of empirical data" underlying the Guidelines, United States v. Rivera-Santana, 668 F.3d 95, 101-02 (4th Cir. 2012), nor did it permit appellate courts to discard the presumption of reasonableness for sentences "based on non-empirically grounded Guidelines." United States v. Mondragon-Santiago, 564 F.3d 357,

3

366 (5th Cir. 2009). Moreover, we have rejected Fleek's particular arguments. See United States v. Meitinger, 901 F.2d 27, 29 (4th Cir. 1990) (approving use of entire drug weight); United States v. Bayerle, 898 F.2d 28, 31-32 (4th Cir. 1990) (upholding drug equivalency tables against irrationality challenge).

In this case, the district court understood that it had the power to vary from the Guidelines range and declined to exercise that power after considering the medical evidence Fleek presented to demonstrate the arbitrariness of the Guidelines. Therefore, the district court's sentence is entitled to the presumption of reasonableness that attaches to a within-Guidelines sentence. The district court stated that it applied the § 3553(a) factors and found that a sentence at the low end of the advisory Guidelines range was appropriate. Because Fleek challenges only the district court's decision to apply the Guidelines, and does not argue any other basis to support the requested variance, we conclude that Fleek's sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED